UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SUSAN YODER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CAUSE NO. 1:24-cv-00171-HAB-SLC |
| ) | |
| DOLGENCORP, LLC, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Strike Defendants' Affirmative Defenses (ECF 19) filed pursuant to Federal Rule of Civil Procedure 12(f). Briefing on the motion is now complete, including a response and a reply (ECF 20, 21), and the motion is ripe for adjudication. Having cogitated these arguments, the motion will be GRANTED IN PART and DENIED IN PART.

**A. Factual and Procedural Background**

On April 30, 2024, Plaintiff Susan Yoder brought an Americans with Disabilities Act ("ADA") discrimination claim and Family Medical Leave Act ("FMLA") interference claim against Defendants Dolgencorp, LLC, and Jeannie Deller. (ECF 1). Thereafter, Defendants waived service (ECF 6) and responded with an Answer on August 28, 2024, including 29 affirmative defenses[1] (ECF 16). Yoder timely filed this Motion to Strike on September 9, 2024, seeking to strike 28 of those 29 defenses. (ECF 19).

---

[1] Defendants' affirmative defenses are styled as "Affirmative Defenses and Additional Defenses" (ECF 16), yet Defendants make no distinction as to which defenses are "affirmative defenses" and which are "additional defenses".

1

## B.  Applicable Legal Standard

Rule 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009) (citing Rule 12(f)). Motions to strike are generally disfavored because they consume scarce judicial resources, *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006), and "potentially serve only to delay," *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted). "But where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Id*. The Seventh Circuit Court of Appeals has opined on the rule of law concerning the striking of affirmative defenses, stating:

> Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings. Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact. Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure. Thus, defenses must set forth a 'short and plain statement,' Fed. R. Civ. P. 8(a), of the defense.

*Id.* (citations omitted). Though the Seventh Circuit has yet to articulate "whether the pleading standard for a complaint set forth in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007),  and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to all Rule 8 pleadings, including affirmative defenses[,] . . . this Court agrees with those cases that decline to apply the 'plausibility' standard of *Iqbal* and *Twombly* to affirmative defenses." *Design Basics, LLC v. Quality Crafted Homes, Inc.*, No. 1:16-cv-00050-RLM-SLC, 2016 WL 38449809, at *3 (N.D. Ind. July 14, 2016) (citations and quotation marks omitted).

2

### C.  Analysis

Yoder claims that she would be prejudiced if Defendants are allowed to maintain their affirmative defenses. (ECF 21 at 4-5). Specifically, Yoder alleges that there is a lack of notice as to the factual basis of Defendants' affirmative defenses, and the affirmative defenses would force Yoder to conduct discovery at considerable time and expense in anticipation of a probable summary judgment motion to be submitted by Defendants. (*Id*.). "[M]otions to strike are disfavored and will generally be denied unless the portion of the pleading at issue is clearly prejudicial and of no possible relevance to the controversy at issue." *Mayberry v. Pulley*, No. 3:23-CV-1023-TLS-APR, 2024 WL 3823694, at *1 (N.D. Ind. Aug. 15, 2024) (citing *Heller*, 883 F.2d at 1294; *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992)). "Prejudice results, for instance, 'where the challenged allegation has the effect of confusing the issues or is so lengthy and complex that it places an undue burden on the responding party.'" *Id.* (quoting *Cumis Ins. Soc'y, Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997)).

As the Court will elucidate later in this Opinion, some of Defendants' affirmative defenses are not appropriate. However, such inappropriateness does not necessarily equate to prejudice. *See e.g.*, *Mayberry, 2024 WL 3823694, at *1.* (denying plaintiff's claim of prejudice, in part, because details underlying the defendant's affirmative defenses could be revealed during discovery). Yoder's claim that Defendants' underdeveloped affirmative defenses could require protracted and expensive discovery is noted. (ECF 21 at 4-5). Nevertheless, Yoder should take heed that "[i]n a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them." *Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11-CV-95-PRC, 2012 WL 266968, at *3 (N.D. Ind. Jan. 30, 2012) (citation omitted). Protracted discovery is not necessary, and Yoder "can always seek a protective order in response

to onerous discovery requests" if Defendants seek discovery regarding shallow affirmative defenses. *See Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 595 (D. Md. 2013).

Yoder moves to strike the lion's share of Defendants' affirmative defenses[2]—specifically Defendants' affirmative defenses 1-14 and 16-29. The Court will group the affirmative defenses Yoder seeks to strike according to how the arguments appear to be similarly situated. The Court momentarily pauses, however, to address important implications associated with Yoder's motion. The Court notes that a motion striking twenty-plus affirmative defenses is irregular.[3] Admittedly, some affirmative defenses—often referred to as boilerplate—are commonly plead without much detail. However, on balance, it appears profligate to assert such a voluminous motion in the backdrop of the already expensive and time-consuming aspects associated with litigation. Neither the movant's client nor the Court benefits when dealing with such a taxing motion.[4] Accordingly, it would behoove a plaintiff in the future to engage in a cost-benefit analysis of sorts when contemplating the option to strike dozens of affirmative defenses.

---

[2] As an initial matter, Defendants assert that this Court's ruling in *Mudd* should result in a denial of Yoder's motion to strike because the affirmative defenses are not prejudicial. (ECF 20 at 2 (citing *Mudd v. City of Fort Wayne*, No. 1:24-CV-00051-CCB-SLC, 2024 WL 3043302, at *1 (N.D. Ind. June 18, 2024)). *Mudd* was materially different from the present case in that the *pro se* plaintiff's arguments were undeveloped. *Mudd*, 2024 WL 3043302, at *1.

[3] "Many plaintiffs would not bother with a motion challenging a laundry list of boilerplate affirmative defenses." *Ivanov v. Nyhus*, No. 14-CV-382-JDP, 2014 WL 5307936, at *1 (W.D. Wis. Oct. 16, 2014).

[4] *See Lockheed Martin Corp.*, 973 F. Supp. 2d at 595 (questioning the alleged degree of inefficiency during discovery that arises from boilerplate affirmative defenses). "[T]he extent to which the pleading of boilerplate affirmative defenses portends to subject parties to added discovery is presumptively unclear. Moreover, parties can always seek a protective order in response to onerous discovery requests." *Id*. (citing Fed. R. Civ. P. 26(c)(1)). "And, while the presence of boilerplate affirmative defenses could make more material relevant to a party's claim or defense, courts presumably could consider a defense's conclusory nature when ruling on the discovery request." *Id*.

1. *Affirmative Defenses 28-29*[5]

Defendants admit that perhaps their affirmative defenses 28 (a blanket denial of any allegations not mentioned in Yoder's complaint) and 29 (reservation of right to amend affirmative defenses) do not belong in their Answer. (ECF 20 at 12). Therefore, the motion to strike will be GRANTED with respect to these two affirmative defenses.

2. *Affirmative Defenses 1, 2, 6, and 9*

Yoder seeks to strike several of Defendants' affirmative defenses that do not meet the definitional standard of affirmative defenses.

    a. <u>Affirmative Defenses 1 and 6</u>

Affirmative defense 1 is a "failure to state a claim upon which relief can be granted" defense. (ECF 16 at 40). However, a "failure to state a claim is not an affirmative defense." *Livesay v. Nat'l Credit Sys.,* No. 4:22-CV-19-TLS-JEM, 2022 WL 1210728, at *3 (N.D. Ind. Apr. 25, 2022) (citations omitted). Similarly, affirmative defense 6 seeks to deny Yoder's claims "to the extent that they exceed the scope of or are inconsistent with her Charge of Discrimination." (ECF 16 at 41). "An affirmative defense is one that defeats liability for all or some of a plaintiff's claims even if the plaintiff can prove all the elements of those claims." *Droz v. Droz,* No. 2:17-cv-00451-RL-JEM, 2018 WL 3301841, at *1 (N.D. Ind. July 5, 2018); *see also Livesay,* 2022 WL 1210728, at *4 ("[T]hese are not affirmative defenses as they do not defeat liability assuming Plaintiff's facts are true."). Therefore, the motion to strike will be GRANTED with respect to affirmative defenses 1 and 6.

---

[5] The Court takes a moment to address these defenses further. Affirmative defenses 28 and 29 concern a blanket denial of any allegations not mentioned in Yoder's complaint and a reservation of right to amend affirmative defenses. (ECF 16 at 44-45). These affirmative defenses lack merit as they are bare bones and conclusory. *See e.g., Accent Consulting Grp., Inc. v. Great Am. Assurance Co.,* No. 1:22-cv-01767-JMS-TAB, 2023 WL 11016380, at *2 (S.D. Ind. May 25, 2023) (reasoning that defenses entailing a blanket denial and a reservation of right to amend affirmative defenses were both bare bones and conclusory).

### b. Affirmative Defense 9

Affirmative defense 9 deviates from the previous defenses in that it attests facts not congruent to Yoder's claim, stating Yoder "received all the leave to which she was entitled under the FMLA." (ECF 16 at 41). This rebuttal is misguided as the argument does not "defeat[] liability . . . if the plaintiff can prove all the elements of [her] claims." *Livesay,* 2022 WL 1210728, at *4. Therefore, the motion to strike will be GRANTED with respect to this affirmative defense.

### c. Affirmative Defense 2

Defendants' second affirmative defense, in summary, states that Yoder has failed to meet the necessary prerequisites to bring suit—such as jurisdiction. As has already been addressed in the Northern District of Indiana, Federal Rule of Civil Procedure 9(c) states that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." *EEOC v. HZ OPS Holdings, Inc.*, No. 2:20-cv-486, 2021 WL 2349670, at *8 (N.D. Ind. June 9, 2021); *see also Heller*, 883 F.2d at 1294 ("The defenses based on personal jurisdiction and venue without doubt are legally insufficient. They are just restatements . . . ."). Therefore, the motion to strike will be GRANTED with respect to this affirmative defense.

3. *Affirmative Defenses 3-5, 18, 22, and 24-25*

Defendants assert a litany of affirmative defenses that this Court views as lacking sufficient detail to serve as affirmative defenses.

### a. Affirmative Defenses 3, 4, and 5

Defendants' affirmative defenses 3, 4, and 5 can be described as bare bones and conclusory defenses that fall below the *Heller* standard of pleading. *See Heller,* 883 F.2d at 1295 (striking bare bones and conclusory affirmative defenses). Defenses 3 and 4 share the estoppel

defense, while Defendants reach further in Defense 4, seeking to also avail themselves of the waiver, unclean hands, and laches defenses. (ECF 16 at 40-41). As this Court has previously stated, "these 'equitable' affirmative defenses must be pled with the specific elements to establish the defense or at least some direct or influential allegations as to each element of the defense." *Design Basics, LLC,* 2016 WL 3849809, at *2. Defendants' affirmative defenses lack such specificity in their Answer. Similarly, affirmative defense 5 is opaque, at best —including a bar against Yoder's claims due to the statute of limitations. (ECF 16 at 41). What is more, Defendants' statute of limitations defense lacks any indication as to the length of time barring Yoder's claim. *Cf. Design Basics, LLC,* 2016 WL 3849809, at *2. (reasoning that the affirmative defense would not be struck since the defendant provided sufficient detail).[6] Therefore, the motion to strike will be GRANTED with respect to these three affirmative defenses.

    b.  <u>Affirmative Defenses 18 and 22</u>

Affirmative defense 18 also suffers from a lack of granularity. Defendants essentially state that Yoder should be barred from damages if her claims do not allow damages. This argument fails to offer a scintilla of evidence that would move this Court to reason the *Heller* standard is met. In other words, it is bare bones and conclusory. In affirmative defense 22, Defendants claim that Yoder was negligent. (ECF 16 at 43). That defense is also bare bones as it

---

[6] The explanation from this Court's previous opinion on the same issue elucidates the Court's reasoning here.

> The affirmative defense as pled alleges that Design Basics's claims are barred by the statute of limitations 'to the extent the alleged acts first occurred more than three years prior to the filing of the Complaint, or, alternatively, to the extent those alleged acts were or should have been discovered more than three years prior to the filing date of the Complaint.' . . . Although QCH does not cite the specific applicable statute of limitations, Design Basics's claims are advanced under the Copyright Act, which has a three-year statute of limitations. 17 U.S.C. § 507. As such, the affirmative defense as pled sufficiently puts Design Basics on notice of the statute of limitations defense.

*Design Basics, LLC*, 2016 WL 3849809, at *2.

"fails to state how or why the plaintiff was . . . negligent." *Archer Daniels Midland, Inc. v. LNG Indy, LLC*, No. 4:20-CV-60, 2021 WL 2754978, at *4 (N.D. Ind. July 2, 2021). Therefore, the motion to strike will be GRANTED with respect to affirmative defenses 18 and 22.

    c.  <u>Affirmative Defenses 24 and 25</u>

Defendants' affirmative defenses 24 and 25 preclude Yoder from attorney fees without factual evidence to support why attorney fees should not be granted. Accordingly, both assertions are bare bones and conclusory. *See Heller,* 883 F.2d at 1295 (striking bare bones and conclusory affirmative defenses); *see also Sloan Valve Co. v. Zurn Indus., Inc.*, 712 F. Supp. 2d 743, 756 (N.D. Ill. 2010) (striking an affirmative defense regarding attorney fees because attorney fees are fundamentally different from affirmative defenses). Therefore, the motion to strike will be GRANTED with respect to these two affirmative defenses.

    4.  *Affirmative Defenses 19, 20, 21, and 23*

The Court agrees with Defendants that affirmative defenses 19, 20, 21, and 23 are sufficiently pled to put Yoder on notice of the defenses. Defendants set forth in affirmative defenses 19 and 20 that Yoder cannot recover punitive damages[7] and that Yoder failed to mitigate damages. (ECF 16 at 43). Akin to this Court's previous opinion, "[a]t this early stage of the litigation, these two defenses are sufficiently pled to put [Yoder] on notice of the defenses." *Design Basics, LLC*, 2016 WL 3849809, at *2 (citing *Yash Raj Films (USA) Inc. v. Atlantic Video*, No. 03 C 7069, 2004 WL 1200184, at *4 (N.D. Ill. May 28, 2004) ("[I]t would be unreasonable to expect [the defendant] to have detailed information about mitigation of damages

---

[7] Defendants argue in affirmative defense 27 that "[a]ny claim for punitive damages is barred or must be reduced because it violates provisions of the United States Constitution and Indiana Constitution." (ECF 16 at 44). Although affirmative defense 27 also concerns a bar on punitive damages, like affirmative defense 19, the Court will strike affirmative defense 27 as Defendants fail to provide any connection between the state or federal constitutions and how punitive damages are barred. This argument is bare bones and conclusory. Hence, it will be stricken.

at the early stage of litigation." (citation omitted))). In similar fashion, Defendants' affirmative defense 21, concerns an offset of damages and it would be premature to strike this defense. *See Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2015 WL 122747, at *2 (N.D. Ill. Jan. 9, 2015) (deciding that the defendant's affirmative defense that the plaintiff's damages be offset was sufficiently pled). This Court's reasoning concerning affirmative defense 23 parallels affirmative defense 21. Affirmative defense 23 reads "Yoder's claims and any alleged damages are barred, in whole or in part, by any additional after-acquired evidence that may arise during these proceedings." (ECF 16 at 23). After-acquired evidence—by its very nature—is not available to Defendants at this point of litigation, and as such, the Court will not strike the defense. Therefore, the motion to strike will be DENIED with respect to these four affirmative defenses.

   5.  *Affirmative Defenses 7-8, 10-14, 16-17, and 26*

The Court has previously indicated in this Opinion that even though affirmative defenses might not be sufficiently plead, a motion to strike affirmative defenses will be denied if prejudice is not sufficiently apparent. *See Mayberry*, 2024 WL 3823694, at *1. It follows that some of Defendants' affirmative defenses will be saved as prejudice is lacking.

       a.  Affirmative Defenses 7 and 8

Defendants assert in defenses 7 and 8 that the facts of Yoder's claims are factually incorrect, thus compelling this Court to deny the motion to strike. (*See* ECF 20 at 5). Affirmative defense 7 contends there was never a denial of reasonable accommodation and affirmative defense 8 indicates that Yoder was not a qualified individual with a disability because she could not perform the essential job functions. (ECF 16 at 41). These arguments are in contention with Plaintiff's complaint (ECF 1 at 12-13) and do not "defeat[] liability . . . if the plaintiff can prove

9

all the elements of [her] claims." *Livesay,* 2022 WL 1210728, at *4. However, the Court fails to see sufficient prejudice to Yoder, as these allegations from Defendants must be researched by Yoder, in any event. *See Mayberry*, 2024 WL 3823694, at *1.[8] Therefore, the motion to strike will be DENIED with respect to these two affirmative defenses.

### b. Affirmative Defenses 10, 11, 12, 17, and 26

Similarly, affirmative defenses 10, 11, 12, 17, and 26 contain arguments that Defendants either never discriminated against Yoder or the discrimination did not lead to Yoder's discharge (ECF 16 at 41, 43-44). Yoder's allegations of discrimination and causation are the crux of her claim. (*See* ECF 1 at 13). Yet, Yoder must research these issues irrespective of Defendants' affirmative defense. *See Mayberry*, 2024 WL 3823694, at *1 (elaborating on the futility in striking an affirmative defense that must be researched irrespective of the affirmative defense). In affirmative defenses 10 and 26 Defendants attempt to deny causation. Although these defenses cut against Yoder's complaint, the Court fails to see prejudice as Yoder is required to prove causation. *See e.g., Wiberg v. Pixelle Specialty Sols., LLC,* No. 22-CV-686-WMC, 2024 WL 1250423, at *9 (W.D. Wis. Mar. 22, 2024) (noting that causation is a required element of an ADA claim). Therefore, the motion to strike will be DENIED with respect to these five affirmative defenses.

---

[8] In *Mayberry*, a court in this district noted the magistrate judge's previous ruling, stating:

> Mayberry asserts that he will be prejudiced by having to waste time researching the merits of the eleven asserted defenses, and his time is scarce due to the limits placed on him by his incarceration. This argument is disingenuous, as many of the listed affirmative defenses, such as that Payne acted reasonably, is something that Mayberry must address anyway, as he bears the burden to prove that Payne acted deliberately indifferent to his right to nutritionally adequate food, whether or not Payne argues that his actions were reasonable. Thus, Mayberry will not be unduly burdened by the inclusion of these affirmative defenses in the answer, and further litigation over this matter will only serve to delay proceeding to the briefing and resolution of whether Mayberry exhausted the administrative remedies that were available to him at the prison.

*Id.*

### c. Affirmative Defenses 13, 14, and 16

Defendants take a slightly different approach in affirmative defense 13, averring that Defendants' policies prohibit discrimination and that Yoder failed to use such procedures. (ECF 16 at 42). Those defenses, arguably, do not pass muster of an affirmative defense. *See Livesay*, 2022 WL 1210728, at *6. ("Nowhere in Defendant's affirmative defenses does it specify any rule, regulation, [or] ruling which might have excused its actions."). Affirmative defense 14 states that if "any alleged discrimination or unlawful conduct was a motivating factor with respect to any employment actions taken by Defendants concerning Yoder . . . the same actions would have been taken in the absence of such motivating factor." (ECF 16 at 42). This argument takes aim at an element of the ADA claim[9] by Yoder. Relatedly, in affirmative defense 16 Defendants seek to undermine Yoder's discrimination claims, contending Defendants "would have undertaken the same action in the absence of a disability." (ECF 20 at 7 (citation omitted)); *see Wiberg*, 2024 WL 1250423, at *9.[10] ("However, if the employer would have undertaken the same action in the absence of a disability, there is no ADA claim." (citation omitted)). This contention dismisses an element of the ADA claim. Although these affirmative defenses are "negative defenses"[11] the Court declines to assume prejudice where there is none—given Yoder's proof of the claims asserted will reveal the potential weakness in these affirmative defenses. Therefore, the motion to strike will be DENIED with respect to these three affirmative defenses.

---

[9] The element is causation. "[T]he [ADA's] 'because of' language demands proof that a forbidden consideration ... was a 'but for' cause of the adverse action complained of." *Wiberg*, 2024 WL 1250423, at *9 (quoting *Serwatka v. Rockwell Automation, Inc*., 591 F.3d 957, 962 (7th Cir. 2010)).

[10] Yoder must prove there was a discriminatory motive. *Id*.

[11] Negative defenses aim "to negate the elements of [Yoder's] claims rather than affirmative defenses, which assume that the allegations of the complaint are true and then articulate a separate reason why the defendant is not liable." *See Mayberry*, 2024 WL 3823694, at *1 (quotation marks omitted).

## D.  CONCLUSION

For the foregoing reasons, Yoder's motion to strike (ECF 19) is GRANTED IN PART and DENIED IN PART in that Defendants' affirmative defenses 1-6, 9, 18, 22, 24-25, and 27-29 are STRICKEN. Defendants are granted up to and including December 2, 2024, to file an amended answer that comports with the requirements of Federal Rule of Civil Procedure 8(b) and Seventh Circuit precedent.

SO ORDERED.

Entered this 21st day of November 2024.

>                         /s/ Susan Collins
>                         Susan Collins
>                         United States Magistrate Judge