**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

SUSAN YODER,

      Plaintiff,

          v.

DOLGENCORP, LLC, et al.,

      Defendants.

CASE NO. 1:24-CV-171-HAB

## OPINION AND ORDER

On November 7, 2025, Defendants Jeanie Deller and Dolgencorp, LLC (collectively "Dolgencorp") moved to seal portions of Plaintiff Susan Yoder's ("Yoder") *Statement of Material Facts* (ECF 72) that she filed alongside her motion for partial summary judgment. (ECF 85). The Court granted that motion. (ECF 86). Yoder promptly moved for the Court to reconsider, at which point the Court ordered briefing on the issue. (ECF 87, 88). The issue has now been fully briefed. (ECF 89, 90). On further consideration, the Court will reverse course.

The parties agreed to a protective order in the early stages of this litigation. (ECF 22-1, 24). This order covered "confidential" records, which were defined as:

> Personnel records, medical records, and/or banking records that include private or sensitive personal information, the disclosure of which could invade the privacy of individuals, including current and former employees of Dollar General who are not parties to this lawsuit and the individual parties to this lawsuit[.]

(ECF 24, ¶ 2(a)). Yoder insists that paragraphs 25–30 and paragraph 90 of the *Statement of Material Facts*—those Dolgencorp took issue with regarding Deller's disciplinary history—do not contain "private or sensitive personal information" as contemplated by the protective order. She further argues that the public has a presumptive right to access these records and that she is not precluded from using the relevant fact in pursuit of a dispositive motion. Dolgencorp counters that

the paragraphs are within the scope of the protective order. Further, Dolgencorp asserts that Yoder did not even reference these paragraphs in her motion for partial summary judgment.

Dolgencorp is correct that the paragraphs in the *Statement of Material Facts* referencing Deller's disciplinary history appears nowhere in her motion. (ECF 71). Its inclusion does not appear to serve any purpose in advancing her legal argument. But being immaterial does not make it subject to the protective order, or proper to seal. Even if its non-inclusion in the partial motion for summary judgment is confusing, both parties acknowledge that Yoder *could* try to use Deller's disciplinary history as a comparator to demonstrate disparate treatment. While this involves intrusion into personnel records that would otherwise be private, the protective order explicitly refused to limit "the use or admissibility of Confidential material as evidence in any potential summary judgment motion/opposition." (ECF 24, ¶ 9). These facts may be otherwise non-public and could ultimately prove irrelevant. But because they could be relevant, and the Court is ruling on dispositive motions, dispositive facts ought to be in the public record. *See Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002) ("[T]he dispositive documents in any litigation enter the public record notwithstanding any earlier agreement.").

Accordingly, the Court:

(1) GRANTS Yoder's Motion to Reconsider (ECF 87);

(2) DENIES Dolgencorp's Motion to Place Under Seal Plaintiff's *Statement of Material Facts* (ECF 85);

(3) VACATES the Court's prior order (ECF 86) granting the motion to seal; and

(4) ORDERS Yoder's *Statement of Material Facts* (ECF 72) be unsealed.

**SO ORDERED** on December 9, 2025.

s/ *Holly A. Brady*
_____
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT